Matter of the Judicial Settlement of the Account of Addison
O'Neill, as Executor, etc., of Agnes Livingston Jones,
Deceased.

(Surrogate's Court, New York County, July, 1899.)

Executor — Attorneys' fees in a small estate.

> If attorneys, who ordinarily receive large fees, care to engage for
> the executor in the litigations of a small estate, they must be satis-
> fied with a remuneration which is proportioned to its size. A charge,
> amounting to one-half of the estate, deemed excessive and reduced to
> one-quarter.

Exceptions to the report of a referee.

Booraem, Hamilton & Beckett, for executor.

Thomas M. Tyng, special guardian.

Varnum, S. This is one of the undecided matters of Surrogate
Arnold. The main question presented by the exceptions to the
referee's report relates to the charges made to the accountant by
his attorneys. A very bitter personal controversy between the
special guardian who raises this issue and these attorneys has arisen,
and I have, in consequence, been burdened with briefs that were
unnecessarily lengthy. I am convinced that the professional ser-
vices that were rendered were characterized by skill and ability.
The attorneys consumed much time in the performance of their
duties, and their efforts were generally successful. If only a ques-
tion of the character of the services were before me, I should say
that they were probably worth the amount that was paid by the
estate. But it seems to me that, when the question of compensa-
tion of an attorney is presented to this court, the ability of counsel
and his success in litigation are not the only elements to be con-
sidered. The size of the estate must necessarily play an important
part. The amount involved in a civil action is properly taken in
consideration in determining the value of a lawyer's services (Ran-
dall v. Packard, 142 N. Y. 47, 56; People v. Bond St. Sav. Bank,
10 Abb. N. C. 15), and this test is peculiarly applicable in this

Surrogate's Court, New York County, July, 1899.        [Vol. 28.

court, whose duty it is to conserve estates and see that the persons interested therein obtain their just dues. The estate herein was a small one, amounting to about $8,000, and the fees paid to the attorneys of the executor amount to about one-half of this sum. In view of all the attendant circumstances, I am of the opinion that, in spite of the arduous services rendered, the sums charged were excessive. If attorneys, who receive large fees for their time and labor, care to engage in the litigation of a small estate they must be satisfied with correspondingly small remuneration. The amounts paid to the attorneys of the accountant, which are objected to, will only be allowed to the extent of one-half. Furthermore, I see no reason why the costs herein should be borne by the contestant personally, and the motion to that effect is denied. In all other respects the exceptions filed are overruled, and the referee's report will be confirmed.

Exceptions overruled and report confirmed.